**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

**CONSTANCE S. HAUCK-ADAMSON**                                        **PLAINTIFF**

**v.**                                        **CIVIL ACTION NO. 3:16-CV-512-GNS**

**COMMUNIST PARTY OF KENTUCKY** *et al.*                        **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff Constance S. Hauck-Adamson filed a *pro se* complaint (DN 1). She subsequently filed a second complaint in this action (DN 7), which the Court construes as an amended complaint. For the reasons set forth below, the action will be dismissed.

**I. SUMMARY OF CLAIMS**

Plaintiff initiated this action by filing a general civil complaint form. However, she crossed out the word "civil" and wrote in "criminal." In the complaint, Plaintiff lists three Defendants: the Communist Party of Kentucky; "World Govn Recruited Black Race"; and Ray Durham. It appears that she lists the address of some Defendants as "Blimp." In the portion of the complaint inquiring as to the basis of this Court's jurisdiction, it appears that Plaintiff asserts federal question jurisdiction. In that portion of the complaint, she states as follows: "Espionage/Sabatage; Human Trafficers; Theft By Deception; 30,0000 Billion Dollors of Paps Copyright." The portion of the complaint seeking a statement of her claim is left blank. As for the relief she seeks, Plaintiff states, "They threw me off Section 8."

In the amended complaint filed by Plaintiff, most of the body of the document is left blank. Only the portion of the amended complaint seeking the names and addresses of Plaintiff and Defendants is completed. However, Plaintiff does not identify any Defendants. Instead, in the section seeking the Defendants' names and addresses, Plaintiff states as follows: "I Don't Know Them I've Never Seen or Talked To Them I Believe They Know The Blimp Owner I Believe

There's About 20 Black Females, I'm White.  I Believe They Were Child-Abusers & Devil Worshipers They have money, I Want To Sue Them.  I Don't Know For Sure If My Father Whom I Loved Escaped death?"

## II.  ANALYSIS

"Generally, a district court may not *sua sponte* dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

> Nevertheless, a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantiated, frivolous, devoid of merit, or no longer open to discussion.

*Id.* (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (listing numerous Supreme Court cases for the proposition that patently frivolous, attenuated, or unsubstantial claims divest the district court of jurisdiction)).  A complaint is frivolous if it lacks an arguable or rational basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 329-30 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  The instant complaint and amended complaint meet this standard.

Further, Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  In other words, "a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." S*cheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (citations and internal quotation marks omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).  "A pleading that offers 'labels

and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, 557). Conclusory allegations or bare legal conclusions will not suffice as factual allegations. *Followell v. Mills*, 317 F. App'x 501, 505 (6th Cir. 2009) ("Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice."); *Gregory v. Shelby Cty., Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000) ("[W]e need not accept as true legal conclusions or unwarranted factual inferences.").

In the instant case, Plaintiff fails to provide material facts in support of any viable legal theory. The complaint does not contain sufficient factual matter that, if accepted as true, states "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 570). Plaintiff fails to place Defendants on notice as to any claim(s) against them, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (indicating that the short and plain statement of a claim must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544), and the complaint is simply too vague and sparse to state a cause of action under any legal theory. The complaint and amended complaint fail to meet the basic pleading standard required by Fed. R. Civ. P. 8(a)(2).

Further, to the extent Plaintiff may be seeking to initiate a criminal complaint against Defendants, her action fails. "Authority to initiate a criminal complaint rests exclusively with state and federal prosecutors." *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986).

"[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979). Additionally, this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To do so would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. CONCLUSION

For the foregoing reasons, the Court concludes that the allegations of Plaintiff's complaint and amended complaint are totally implausible, attenuated, unsubstantiated, frivolous, devoid of merit, and no longer open to discussion. Therefore, the claims against Defendants will be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and 12(h)(3) and *Apple v. Glenn*, 183 F.3d at 479. Further, the complaint and amended complaint fail to meet the basic pleading standard required by Fed. R. Civ. P. 8(a)(2). Therefore, the claims will also be dismissed pursuant to Fed. R. Civ. P. 8(a)(2).

Date: October 31, 2016

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
4416.003

4